# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PRECIOUS JONES-YOUNG,  )  <br> ) <br> *Plaintiff*,                )  <br> ) <br> v.                                   )  <br> ) <br> SOUTHERN CRESCENT  ) <br> BEHAVIORAL HEALTH SYSTEM ) <br> D/B/A ANCHOR HOSPITAL ) <br> *Defendant*.            ) <br> ) <br> ) | CIVIL ACTION NO. ____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff Precious Jones-Young ("Plaintiff" or "Ms. Jones-Young") and sets forth this Complaint for damages and demand for jury trial against Defendant Southern Crescent Behavioral Health System D/B/A Anchor Hospital (Defendant "Anchor Hospital"). Plaintiff respectfully shows this Court as follows:

1.      This is an action seeking damages for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. (Title VII"), 42 U.S.C. §1981 ("Section 1981"),  the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. (the "FMLA"), 29 U.S.C. § 2601 *et seq*. and the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADA"),

42 U.S.C. § 12101 *et seq.* Plaintiff seeks declaratory and injunctive relief, back pay, front pay, liquidated damages, compensatory damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

2. Ms. Jones-Young's claims present questions arising under federal law; thus jurisdiction is appropriate before this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 (b) and (c) because the events complained of herein occurred within the geographic boundaries of the United States District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia.

## ADMINISTRATIVE PROCEEDINGS

4. Ms. Jones-Young filed two timely charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein is Exhibit A and Exhibit B.

5. Ms. Jones-Young received a notice of right to sue from the EEOC within the last ninety (90) days and has complied with all other conditions precedent to the institution of this lawsuit. Attached hereto and incorporated herein is Exhibit C.

6. This lawsuit has been commenced within 90 days of Plaintiff's receipt of her right to sue notice from the EEOC.

7. Ms. Jones-Young is a citizen of the United States and resides in the Northern District of Georgia.

8. Ms. Jones-Young was always employed by Defendant at any time material to this Complaint.

9. Ms. Jones-Young is a member of a protected class under the ADA and under Title VII.

10. The Defendant is a domestic company that is either unregistered with the secretary of State or who now operates under a different name than when the Plaintiff worked for Defendant.

11. During all time relevant to this lawsuit, the Defendant employed more than fifteen (15) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto.

12. Defendant may be served with process by service upon principal place of business if service of process is not waived.

13. Defendant is subject to the anti-discrimination and anti-retaliation provisions of the ADA, Section 1981, Title VII, and the FMLA.

14. Defendant Employer is a covered employer within the meaning of the FMLA.

15. During all time relevant to this lawsuit, Defendant Employer employed more than fifty (50) employees within seventy-five (75) miles for each working day during each of twenty (20) or more calendar weeks in 2019 through 2020.

16. At all times relevant to this lawsuit, Plaintiff was an eligible employee pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* as she was employed with Defendant for more than 12 months and had worked 1,250 hours for Defendant within the 12 months prior to requesting FMLA leave.

17. Plaintiff is and, at all times relevant hereto, was an individual with a disability as that term is defined under 42 U.S.C. § 12102 (1).

## FACTUAL ALLIGATIONS

18. Ms. Jones-Young was hired by Defendant in 2016.

19. Ms. Jones-Young's race is African American.

20. Throughout her employment she was treated differently that other similarly situated employees of different races.

21. Plaintiff repeatedly made complaints of race discrimination, but no action was taken.

22. Plaintiff also suffers from a major anxiety and depression disorder.

23. Plaintiff's anxiety and depression disorder constitutes a chronic serious health as defended by the FMLA.

24. Plaintiff has communicated the existence of the disability to her employer.

25. Plaintiff has requested reasonable accommodations for her disability, but to date, Defendant has denied her request for accommodation, and they have refused to engage with her in the deliberative process to agree upon a reasonable accommodation.

26. Ms. Jones-Young was good at her job and was complemented for her work performance.

27. In late 2019, Defendant asked Plaintiff to transfer to Anchor Hospital since they were having lots of problems, and he been through 3 Directors of Risk Management in a short period of time.

28. Plaintiff agreed to the transfer.

29. When Plaintiff started at Anchor, she was the Director of Risk Management, and she worked with a risk analyst and a Director of Performance Improvement. Further, Plaintiff was promised more staff since they were significantly understaffed.

30. However, shortly after Plaintiff's transfer to Anchor Hospital, not only did she not get any new staff, but both the Risk Analyst and the Director of Performance Improvement positions were eliminated, and all those job responsibilities were tasked to Plaintiff.

31. This insane amount of work caused Plaintiff's anxiety and depression problems to magnify.

32. Plaintiff met with her doctor, and he ordered her to take FMLA immediately.

33. Plaintiff put in a request for FMLA and was out on FMLA leave from July 2020 to late August or early September 2020.

34. When Plaintiff went out on FMLA, Defendant attempted to refuse her FMLA leave.

35. Defendant made it known that they were angry that she used FMLA leave and that she was leaving them without the support they needed.

36. When Plaintiff returned from FMLA leave, she was almost immediately written up.

37. This write up was in retaliation for Plaintiff's use of FMLA and for her request for accommodations under the ADA.

38. Plaintiff filed the EEOC charge marked as Exhibit A.

39. After Plaintiff filed her charge, Defendant continued to discriminate and retaliate against her. Specifically, she was required to schedule weekly meetings with her supervisor Luis Betances.

40. However, after Mr. Betances became aware of her EEOC charge he canceled all of her meetings.

41. Plaintiff attempted to reschedule these meetings but was unable to get them rescheduled.

42. On November 10th, Plaintiff was called into a meeting with Mr. Betances.

43. Mr. Betances terminated Plaintiff for not scheduling their weekly meetings.

44. Plaintiff told him that she scheduled the meetings and that he had canceled them, and Mr. Betances refused to respond.

## COUNT I

## RETALIATION FOR EXERCISE OF FMLA RIGHTS

45. Ms. Jones-Young incorporates by reference the preceding Paragraphs as if fully restated herein.

46. Ms. Jones-Young was an eligible employee with a serious health condition as that term is defined by the FMLA.

47. At all times relevant to this action, Defendant had more than 50 employees in twenty (20) or more workweeks in 2019-2020 and was engaged in commerce or were part of an industry affecting commerce, making it an "eligible employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

48. Plaintiff has a serious medical condition as defined by the FMLA.

49. Plaintiff had not exhausted her FMLA leave limit in 2019 or 2020.

50. Plaintiff timely notified Defendant Employer of her serious medical condition and her need for FMLA leave.

51. In terminating Ms. Jones-Young's employment, Defendant retaliated against Ms. Jones-Young for exercising her right to take leave as provided under the FMLA.

52. Defendant's actions in retaliating against Ms. Jones-Young for exercising her rights under the FMLA were committed with reckless disregard for Ms. Jones-Young's right to be free from discriminatory treatment because of the exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

53. The effect of Defendant's actions has been to deprive Ms. Jones-Young of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

54. As a result, Ms. Jones-Young is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

55. Ms. Jones-Young is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT II
## FMLA INTERFERENCE

56. Ms. Jones-Young incorporates by reference the preceding Paragraphs as if fully restated herein.

57. Ms. Jones-Young was an eligible employee with a serious health condition as that term is defined by the FMLA.

58. At all times relevant to this action, Defendant had more than 50 employees in twenty (20) or more workweeks in 2015-2017 and was engaged in commerce or were part of an industry affecting commerce, making it an "eligible employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

59. Plaintiff has a serious health condition as defined by the FMLA.

60. Plaintiff had not exhausted her FMLA leave limit in 2020.

61. Plaintiff timely notified Defendant of her serious medical condition.

62. Defendant knew that Plaintiff was qualified for leave under the FMLA and that Plaintiff needed leave under the FMLA.

63. Defendant failed to notify Plaintiff that she was eligible for FMLA leave.

64. As a result of Plaintiff's requests for FMLA covered leave, Defendant unlawfully terminated Plaintiff's employment, thus interfering with Plaintiff's right to FMLA.

65. Defendant's actions in interfering with Ms. Jones-Young's exercise of her rights under the FMLA were committed with reckless disregard for Ms. Jones-

Young's right to be free from discriminatory treatment because of the exercise of her rights under the FMLA.

66. The effect of Defendant's actions has been to deprive Ms. Jones-Young of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

67. As a result, Ms. Jones-Young is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

68. Ms. Jones-Young is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT III
## RACE DISCRIMINATION IN VIOLATION OF
## TITLE VII AND SECTION 1981

69. Plaintiff incorporates by reference the paragraphs above as if fully set forth herein.

70. Plaintiff is a member of a protected group.

71. Plaintiff was employed by the Defendant.

72. Plaintiff was qualified for the position she held.

73. Plaintiff was subjected to race discrimination based upon the color of her skin.

74. Plaintiff was subjected to disparate treatment by her employer in the terms and conditions of her employment as described above.

75. This disparate treatment was because of Plaintiff's race.

76. This unwelcome disparate treatment and racial harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment and/or to create a hostile working environment.

77. The racially discriminatory work environment Plaintiff was subjected to was open and obvious.

78. The Corporate Defendants knew of the hostile work environment that existed and failed to take prompt and appropriate remedial measures to stop the discrimination.

79. Plaintiff suffered damages because of this discrimination.

80. As a direct and proximate result of the Corporate Defendants above-mentioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished employment opportunities and emotional distress, including but not limited to outrage, shock, and humiliation.

## COUNT IV

## **DISCRIMINATION IN VIOLATION OF THE ADA**

81. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

82. In engaging in the above-described actions, Defendant violated Ms. Jones-Young rights under the ADA.

83. Defendants' violation of the ADA was willful and intentional.

84. Ms. Jones-Young has suffered mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of the Corporate Defendants' willful and intention violation of her rights under the ADA. Ms. Jones-Young is entitled to the rights and remedies provided by the ADA, including actual damages, compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT V
## **RETALIATION IN VIOLATION OF THE ADA AND TITLE VII**

85. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

86. Ms. Jones-Young engaged in protected activity by opposing the Corporate Defendants' age-based discrimination and making complaints of the Corporate Defendants' illegal age-based discrimination.

87. As a result of her opposing illegal age-based discrimination, the Corporate Defendants subjected Ms. Jones-Young to adverse employment actions up to and including placement on a performance improvement plan and ultimately refusing to re-employ her after she complained.

88. The true reason for the Corporate Defendants' actions were to retaliate against Ms. Jones-Young because she opposed the Corporate Defendants' illegal age-based discrimination.

89. As a result of the Corporate Defendants' illegal retaliatory actions, Ms. Jones-Young has suffered mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of the Corporate Defendants' willful and intentional violation of her rights under the ADA. Ms. Jones-Young is entitled to the rights and remedies provided by the ADA, including actual damages, compensatory damages, liquidated damages, and attorneys' fees and costs.

WHEREFORE, Ms. Jones-Young demands a trial by jury and for the following relief:

(a) that Summons issue;

(b) that Defendants be served with Summons and Complaint;

(c) that a trial by jury to all issues be had;

(d) that judgment against the Corporate Defendants be granted for any and

all backpay, compensatory, general, special, liquidated, and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

(e) that judgment against Defendant be granted for any and all backpay, compensatory, general, special, liquidated, and where applicable, punitive damages as allowed by law under Plaintiff's claims for 1981 Retaliation as set forth in this Complaint;

(f) for injunctive and declaratory relief;

(g) for all costs of this action to be taxed against all Defendants;

(h) for all costs and attorneys' fees to be awarded to Plaintiff; and

(i) for any and all other and further relief including but not limited to nominal damages as this Court may deem just and equitable under the circumstances.

Respectfully submitted this 8th day of December 2021.

*s/J. Stephen Mixon, Esq.*
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorney for Plaintiff

The Mixon Law Firm
1691 Phoenix Boulevard, Suite 150
Atlanta, Georgia 30349
Phone: (770) 955-0100
Fax: (678) 999-5039